# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BARBARA TANGWALL,

    Plaintiff,

v.

GEORGE E. BUSCHER, *et al.*

    Defendants.

Case No. 4:19-cv-00011-SLG

## ORDER OF DISMISSAL

Barbara Tangwall, a self-represented litigant, has filed a "Second Amended Complaint"[1] and a Response[2] to the Court's Notice of Intent to Dismiss at Docket 27.

This case comes before the Court after the Ninth Circuit Court of Appeals vacated the prior judgment and remanded for further proceedings.[3] Upon remand, the Court reviewed the First Amended Complaint and ordered the Clerk of Court to strike it for non-compliance with the Vexatious Litigant Order at Docket 31 in

---

[1] Docket 28.

[2] Docket 29.

[3] Dockets 20-21 (On August 26, 2019, the Ninth Circuit Court of Appeals vacated the judgment and remanded the case, because not all parties, including the unserved defendants, consented to proceed before the magistrate judge. On September 17, 2019, the Ninth Circuit Court of Appeals issued its Mandate making its judgment effective.).

Case No. 4:18-cv-00007.[4] The original Complaint became the operative complaint. In the original Complaint at Docket 1, Ms. Tangwall alleged that George E. Buscher, Lois L. Buscher, and "unknown others" recorded a "disputed non-judicial foreclosure Trustees' deed" to her residence at 11925 Flyway Court and there is a foreclosure dispute regarding the ownership of the property. Ms. Tangwall further alleges that this dispute deprives her of her "civil rights to peaceful enjoyment of residence under color of law" in violation of 42 U.S.C. § 1983.[5]

The Court reviewed the original Complaint for subject matter jurisdiction and issued a Notice of Intent to Dismiss.[6] After addressing and denying a Motion to Recuse at Docket 25, the Court explained that the original Complaint "did not state a valid claim under 42 U.S.C.§ 1983 and [did] not demonstrate that the Court [had] subject matter jurisdiction."[7] The Court instructed that in order to file a claim for relief under 42 U.S.C. § 1983, "a plaintiff must 'plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes.'"[8] The Court further explained that Ms. Tangwall's original Complaint named private parties and did not plausibly allege the required

---

[4] Docket 26.

[5] Docket 1 at 1-3.

[6] Docket 27.

[7] Docket 27 at 4.

[8] Docket 27 at 8.

elements of: (1) state actors acting under the color of state law; (2) a violation of federal constitutional or statutory rights; and (3) causation.[9] The Court notified Ms. Tangwall of these deficiencies, its intent to dismiss the case, and gave leave to amend.[10] Ms. Tangwall timely responded to that order by filing the Second Amended Complaint.

In the Second Amended Complaint, Ms. Tangwall alleges that she has experienced a "[d]eprivation of property rights under color of law pursuant to 42 USC 1983."[11] Ms. Tangwall names George E. Buscher, Lois L. Buscher, the law firm Zimmerman & Wallace, attorney Christopher E. Zimmerman, 49th Cartridge Company, David R. Dwyer, Russell Z. Smith, and "unknown others."[12] Ms. Tangwall alleges that on April 2, 2019, the defendants recorded a "disputed non-judicial foreclosure Trustees' deed" to her residence at Flyway Court.[13] Ms. Tangwall further alleges that on April 3, 2019, her husband arrived at Flyway Court "to find the locked barrier to private road removed," "a locked chain barrier across the driveway," and two men removing personal property. Ms. Tangwall alleges

---

[9] Docket 27 at 8-11.

[10] Docket 27 at 13.

[11] Docket 1 at 1.

[12] Docket 28 at 1. The Court takes judicial notices that Christopher Zimmerman is an attorney at the law firm Zimmerman & Wallace, a professional corporation engaged in the general practice of law. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary*, (11th ed. 2019).

[13] Docket 28 at 3.

that Alaska State Troopers responded, could not determine rightful ownership of the property, and advised all the parties to leave.

Ms. Tangwall alleges that on May 31, 2019, she "became aware the Defendants had initiated a Forcible Entry and Detainer action in the state court, Case No: 4FA-19-01974 CI."[14] Ms. Tangwall further alleges that she removed the action to federal court, but the state proceeding continued.[15] The Court takes judicial notice of the eviction action *Buscher, et al. v. Tangwall, et al.* in Alaska Superior Court, Case No. 4FA-19-01974CI and Ms. Tangwall's unsuccessful attempt to remove that case to federal court at Case No. 4:19-cv-00018-SLG.[16]

Ms. Tangwall alleges that the foreclosure action and surrounding legal processes constitutes a "deprivation of civil rights to peaceful enjoyment of residence under Alaskan Attorneys Wallace and Zimmerman operating under the color of Alaska state law."[17] Ms. Tangwall alleges that "[a]t all times the Defendants were represented by Wallace and Zimmerman, Alaska attorneys operating under

---

[14] Docket 28 at 3.

[15] Docket 28 at 3-4.

[16] Case No. 4:19-cv-00018-SLG is closed after the District Court issued an Order of Remand (Docket 11). Ms. Tangwall appealed and the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction (Dockets 14, 17-18.). Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[17] Docket 28 at 5.

the color of state law."[18]  For relief on this claim, Ms. Tangwall requests (1) damages for an amount in excess of $250,000.00 "to be determined after inspection of the residence and personal property, (2) "Cost," (3) "Interest", and (4) "Any other relief this Court deems just."[19]

Ms. Tangwall further alleges that "Alaska Attorneys Wallace & Zimmerman authorized the unlawful seizure or property under color of Alaska law," because the no trespassing signs posted on their property display "Zimmerman and Wallace's office phone number."[20]  For relief on this claim, Ms. Tangwall requests (1) damages for an amount exceeding $250,000.00, (2) "Cost," (3) "Interest", and (4) "Any other relief this Court deems just."[21]

Lastly, Ms. Tangwall alleges that Defendant Zimmerman "obstructed justice," because he "filed an affidavit to the [state] court wherein he failed to disclose to the court that the issues were currently being litigated in this instant case."[22]  For relief on this claim, Ms. Tangwall requests (1) damages for an amount exceeding $250,000.00, (2) $500,000.00 in punitive damages, (3) "Cost," (4) "Interest", and (4) "Any other relief this Court deems just."[23]

---

[18] Docket 28 at 5.

[19] Docket 28 at 5; *see also* Ex. K, Docket 28 at 11.

[20] Docket 28 at 6.

[21] Docket 28 at 6.

[22] Docket 28 at 6.

[23] Docket 28 at 7.

## LEGAL STANDARD

The United States Supreme Court has established that "the federal courts are under an independent obligation to examine their own jurisdiction[.]"[24] In a federal court proceeding, a jurisdictional defect may be raised at any time.[25]

## DISCUSSION

Ms. Tangwall alleges this Court has jurisdiction pursuant to 42 U.S.C. § 1983.[26] 42 U.S.C. § 1983 has very specific statutory requirements, requiring the harm or injury to be caused by a state actor and in violation of a federal constitutional or civil right. Ms. Tangwall's Second Amended Complaint does not plausibly allege facts that state a valid claim under 42 U.S.C. § 1983. Accordingly, the Court has no subject matter jurisdiction and must dismiss the action.

I. <u>42 U.S.C. § 1983</u>

As previously explained in the Court's Notice of Intent to Dismiss, 42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[27] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting

---

[24] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[25] *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).

[26] *See* Docket 29 at 1.

[27] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[28]

To act under color of state law, a complaint must allege that each defendant acted with state authority as a state actor.[29] Private citizens are generally not proper defendants for a § 1983 action.[30] A defendant has acted under color of state law when he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[31] In her Second Amended Complaint, Ms. Tangwall names the individuals whom she faces in her state court foreclosure action, the opposing counsel and the opposing law firm in the foreclosure action, a local ammunition company, and the owners of that company. Her allegations focus solely on the conflict surrounding the foreclosure action, the disputed ownership rights of the property, and the opposing counsel's legal representation in that state court matter.[32] Ms. Tangwall does not allege any facts that indicate that any of these

---

[28] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[29] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[30] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

[31] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

[32] See Docket 28 (The Court notes that while 49th Cartridge Company, LLC and its individual owners are named parties, Ms. Tangwall does not make any allegations explicitly against these parties and it unclear how they relate to the foreclosure

Case No. 4:19-cv-00011-SLG, *Tangwall v. Buscher, et al.*
Order of Dismissal
Page 7 of 10

parties acted with state authority as state actors for purposes of liability under Section 1983. While attorneys are officers of the courts and represent parties relying on provisions of state law, private attorneys are not state actors.[33] Ms. Tangwall has not demonstrated that any of these parties are state actors; and accordingly, has not meet a required element in establishing a § 1983 action. Therefore, Ms. Tangwall has not alleged a plausible claim under 42 U.S.C. § 1983.

II.     Subject Matter Jurisdiction

Federal question jurisdiction gives a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[34] Ms. Tangwall's Complaint cites to a federal statute, but it does not allege sufficient facts to plausibly allege the required elements of 42 U.S.C. § 1983 or to state another viable federal constitutional or statutory claim.[35] The Second Amended Complaint does not plausibly allege facts that, if proven, would constitute a violation of the U.S. Constitution or a federal statute by a state actor that is redressable by a

---

proceeding or Ms. Tangwall's alleged civil rights violations.).

[33] *See generally Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender, though paid by the state, does not act under color of state law when performing the traditional duties of an attorney). Law firms are private businesses, unless acting under a specific contract with the state government; as such they do not provide legal services under the color of state law.

[34] 28 U.S.C. § 1331. Ms. Tangwall does not allege the Court has diversity jurisdiction; *see* Docket 29 at 1.

[35] *See* Docket 1.

private citizen in federal court. Based on the foregoing, the Court must dismiss this action for lack of subject matter jurisdiction.

### III. Futility of Amendment

This Court previously gave Ms. Tangwall notice of its intent to dismiss this case and set out the required elements that must be plausibly alleged to state a viable claim under 42 U.S.C. § 1983. Nevertheless, Ms. Tangwall's Second Amended Complaint does not allege a viable claim under that federal statute. The named defendants are not state actors and do meet the essential requirements to be proper parties under §1983. Without a proper federal question cause of action, this Court does not have subject matter jurisdiction and must dismiss the action. In light of Ms. Tangwall's failure to plead a valid cause of action after the Court accorded her an opportunity to do so, the Court finds that any further attempt at amendment would be futile. Instead, the controversy concerns a foreclosure dispute and none of the named defendants is a state actor. Therefore, the action must be dismissed with prejudice.

## CONCLUSION

Ms. Tangwall has not plausibly alleged the required elements for a claim under 42 U.S.C. § 1983 and does not present a viable federal question. Therefore, the Court lacks subject matter jurisdiction and the action must be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1. The Court dismisses this action with prejudice for lack of subject matter jurisdiction.

2. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 26th day of November, 2019 at Anchorage, Alaska.

>*/s/ Sharon L. Gleason*
>Hon. Sharon L. Gleason
>UNITED STATES DISTRICT JUDGE

Case No. 4:19-cv-00011-SLG, *Tangwall v. Buscher, et al.*
Order of Dismissal
Page 10 of 10